UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JAVON MARCUS WARD,

    Plaintiff,

v.

    Case Number 2:23-CV-13162
    HONORABLE NANCY G. EDMUNDS

L. McROBERTS, et. al.,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Joseph Javon Marcus Ward, ("Plaintiff"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses the complaint with prejudice for failing to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff has been granted permission to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or

1

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

  A complaint is deemed frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. A district court should *sua sponte* dismiss a complaint if it lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

  A court should liberally construe a *pro se* complaint. *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A *pro se* complaint is held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, are required to plead facts sufficient to show that a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

  To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff is required to show that: (1) the defendant or defendants acted under color of state law; and (2) the alleged conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

"If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff challenges his classification as a member of a Security Threat Group. (S.T.G.). Plaintiff claims that the defendants refuse to remove his S.T.G. classification unless plaintiff renounces his involvement in a gang and gives prison officials names of potential gang members. Plaintiff says that it would be a "death sentence" for him to do either. Plaintiff argues that defendants should remove his S.T.G. classification because he has not personally been involved in any gang activity for over ten years. Plaintiff seeks declaratory and injunctive relief and monetary damages.

### IV. Discussion

Plaintiff failed to state a claim upon which relief can be granted.

The Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Additionally, the federal constitution does not guarantee a particular security classification. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Plaintiff's designation as a "Security Threat Group Member" is merely an increase in his prison security classification and thus does not constitute an "atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)(quoting *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)). Plaintiff's "designation as

3

a "Security Threat Group Member" is nothing more than a security classification used by the prison." *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004). Because plaintiff "does not have a constitutional right to a particular security level or classification," he is not entitled to relief on his claim that he was wrongfully designated as an S.T.G. member. *Id.*

### V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** with prejudice for failing to state a claim upon which relief can be granted.

The Court further certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell,* 157 F. Supp. 2d at 802.

Dated: December 18, 2023

s/ Nancy G. Edmunds  
NANCY G. EDMUNDS  
U. S. DISTRICT JUDGE